UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

CRS Holding of America, LLC                    Case No.  8:14-bk-10142-KRM
                                                Chapter 11
    Debtor.
_____/

**UNITED STATES TRUSTEE'S MOTION FOR ORDER
DIRECTING APPOINTMENT OF CHAPTER 11 TRUSTEE**

    Guy G. Gebhardt, the Acting United States Trustee for Region 21, by and through his undersigned counsel, hereby requests that the Court enter an order directing the United States Trustee to appoint a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) for the following reasons:

    1.    The Debtor owns 100 percent of the membership interests in twenty subsidiary companies.  The Debtor and its multiple affiliates filed voluntary petitions under chapter 11 of the U.S. Bankruptcy Code on August 29, 2014.

    2.    Prior to the filing of the bankruptcy cases,  Regions Bank and Regions Equipment Finance Corporation (collectively, "Regions").  Regions filed suit against the Debtor, multiple affiliates and others in United States District Court, Middle District of Florida, Tampa Division (8:14-cv-01244-SDM-MAP).

    3.    The District Court appointed Robert Swett as a receiver for the Debtor and its affiliates and gave him broad, exclusive powers, including the "exclusive power, duty and authority to administer and manage the borrowers' business affairs, funds,

assets, choses in action, and other property; to exercise the power customarily exercised by the borrowers' officers and board of directors; to administer, manage, and oversee all aspects of the business, affairs and operations of the borrowers; [and] to marshal, preserve, and safeguard the borrowers' assets and properties . . . ." In addition to the provision noted above, paragraph c.xx of the Amended Order Appointing Receiver and Injunction (Doc. 37) gives the receiver the right to serve on the board, designate board members, and disapprove actions of the board. The receiver's powers would appear to be comparable to that of a chapter 11 trustee and exceed that of a president or chief executive officer that submits to a board.

4. The appointment of a chapter 11 trustee better serves the interests of the estate and is more consistent with the policy of the Bankruptcy Code. The scheme of the Bankruptcy Code is hostile to the concept of a receiver in bankruptcy. Section 105(b) expressly prohibits a bankruptcy court from appointing a receiver. Section 543 requires a receiver to promptly turn over property of the estate and the retention of the receiver unless the bankruptcy court excuses turnover. *See* 11 U.S.C. § 543(d). In the instant case, the Debtor and its affiliates have not yet sought to excuse turnover.

5. Unlike traditional corporate management, the instant receiver appears to not be answerable to a board of directors or shareholders. A receivership is a creation of another court and the receiver answers to that court. A chapter 11 trustee holds a duty to this estate and answers to this Court. Those duties are outlined statutorily by 11 U.S.C. § 1106(a). There is no analogous provision outlining the duties of receivers in the Bankruptcy Code. A chapter 11 trustee's compensation is governed by 11 U.S.C. §

326 and 330. There are no analogous provisions for compensation of a receiver which offer such protections to the estate. A chapter 11 trustee would be selected by the United States Trustee "after consultation with parties in interest." See 11 U.S.C. § 1104(d). The instant receiver's appointment resulted from an action by a secured creditor and the method by which the receiver was selected likely did not follow a procedure with similar safeguards designed to insure disinterestedness.

WHEREFORE, the United States Trustee moves this Court pursuant to 11 U.S.C. § 1104(a) to direct the United States Trustee to appoint a chapter 11 trustee or grant such other and further relief that the Court may deem appropriate.

> Respectfully submitted,
> Guy G. Gebhardt
> Acting United States Trustee--Region 21
>
> By: /s/BENJAMIN E. LAMBERS
>   Benjamin E. Lambers
>   Trial Attorney
>   Fla. Bar No. 774197
>   501 E. Polk Street, Suite 1200
>   Tampa, FL  33602
>   (813)228-2000
>   (813)228-2303--facsimile
>   Ben.E.Lambers@usdoj.gov

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the United States Trustee's Motion to Direct the Appointment of a Chapter 11 Trustee has been served by electronic or United States Mail on or before September 3, 2014 on the following:

/s/BENJAMIN E. LAMBERS
Attorney

CRS Holding of America, LLC
8108 Krauss Blvd., Suite 110
Tampa, FL 33619

Jay B. Verona
Shumaker, Loop & Kendrick, LLP
Bank of America Plaza
101 East Kennedy Boulevard, Suite 2800
Tampa, FL 33602