**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

CRS HOLDINGS OF AMERICA, LLC,

    Debtor,

_____/

Chapter 11

Case No.: 8:14-bk-10142-KRM

**CREDITOR JY CREATIVE HOLDINGS, INC'S**
**MOTION TO DISMISS BANKRUPTCY CASE**

Creditor, JY Creative Holdings, Inc. ("JY Creative"), hereby moves the Court to dismiss the bankruptcy cases filed by the Receiver, Robert Swett, on behalf of CRS Holdings of America, LLC, and its related entities, pursuant to 11 U.S.C. § 1112(b)(1) and states as follows:

**Background**

1. The Debtors operate as full service electronics recycling businesses.

2. On May 27, 2014, Regions Bank and Regions Equipment Finance Corp. (collectively "Regions") filed their Verified Complaint in the U.S. District Court for the Middle District of Florida, Case No. 8:14-cv-1244-T-23MAP, against the Debtors and others, seeking, among other things, to enforce payment under various promissory notes and leases, foreclose security interests in personal property, enforce payment of the subject obligations under multiple guaranties, and requesting the appointment of a receiver for the Debtors' businesses.

3. That same day, Regions filed its Emergency Motion to Appoint Receiver requesting the appointment of a receiver for the Debtors on an emergency basis.

4. On June 23, 2014, Regions filed its Motion to Appoint Seleena Miller of Magnum Management Services, LLC, as Receiver, requesting that the District Court appoint Saleena Miller as receiver for the Debtors.

5. On July 10, 2014, the Debtors filed a Joint Notice of Non-Opposition Regions' Motions to Appoint Receiver.

6. On July 10, 2014, the District Court entered its Order Appointing Receiver and Injunction ("the Receivership Order"), appointing Saleena Miller as receiver for the Debtors and enjoining the Debtors from interfering with the receiver's duties consistent with same.

7. On July 11, 2014, Regions filed its Motion Requesting Modification or Amendment of Order Appointing Receiver and Injunction, wherein Regions requested that the District Court modify its Receivership Order, relieving Saleena Miller of her duties as receiver and replacing her with Robert Swett of Swett Consulting, LLC (the "Receiver").

8. On July 11, 2014, the Debtors filed a Joint Notice of Non-Opposition to Plaintiffs' Motion to Modify Order Appointing Receiver and Injunction.

9. On July 16, 2014, the District Court entered its Amended Order Appointing Receiver and Injunction ("the Amended Receivership Order"), pursuant to which Robert Swett was appointed as receiver for the Debtors and thus authorized to take all actions on behalf of the Debtors as permitted under the Amended Receivership Order.

10. The Receiver then moved for entry of an Order expressly authorizing him to file voluntary petitions under Chapter 11 of Title 11 of the United States Code ("the Bankruptcy Code") on behalf of one or more of the Debtors.

11. On July 30, 2014, the District Court entered an Order granting the Receiver's motion for authorization to file bankruptcy (the "Order Authorizing Bankruptcy Filing"). Such relief appears to be unprecedented.

12. JY Creative appealed the Order Authorizing Bankruptcy Filing to the 11th Circuit Court of Appeals and the appeal is pending as Case No. 14-13431-C.

13.    The Debtors filed their voluntary petitions on August 29, 2014.

14.    JY Creative holds secured and unsecured claims against the Debtors, is a member of the board of directors, and owns a significant amount of the Debtors' stock.

### **Memorandum of Law**

The Court should dismiss the Debtors' bankruptcy cases for cause under 11 U.S.C. § 1112(b)(1) because the Receiver lacks standing to file the bankruptcy cases. The authority to file a bankruptcy petition depends upon the corporate documents and state law. *See In re Milestone Educational Institute, Inc.*, 167 B.R. 716, 720 (Bankr. D. Mass. 1994). The appointment of a receiver does not deprive the corporate directors of the power to file a bankruptcy petition. *Id*. Two inescapable consequences of a receivership are: 1) the Receiver, while clothed with many of the powers and duties of a director of a corporation as a result of the receivership order, is not a substitute director and is not *the* corporation; and 2) the filing of the bankruptcy petition must have the effect of terminating the receivership. *Id*. at 723. "With respect to the latter observation, given the control and supervision state courts and federal bankruptcy courts exercise over receiverships and bankruptcy cases, respectively, the two proceedings cannot coexist." *Id*.

In this case, the authority to file bankruptcy petitions on behalf of the Debtors rests solely with the Board of Directors. Section 6.1.1 of the Third Amended and Restated Operating Agreement for CRS Holding of America, LLC, a copy of which is attached hereto as **Exhibit "A"**, provides that the "Board of Directors shall have the power and authority to manage, control and operate the Company . . . ." All but one of the Debtor entities the Receiver has put into bankruptcy are Florida limited liability companies. Under Florida state law, a resolution of the board of directors is necessary to initiate a voluntary case for a corporate debtor. *See In*

*re Bel-Aire Investments, Inc.*, 97 B.R. 88 (Bankr. M.D. Fla. 1989) (dismissing bankruptcy case filed by company president where the company was in desperate need of reorganization and the board of directors was deadlocked).

### **Conclusion**

The issues facing the Debtors are not unique, but instead are common to most receivership proceedings. Allowing the Receiver to file bankruptcy on behalf of the Debtors would not only be unprecedented, but it would result in the termination of the receivership. For the reasons set forth above, JY Creative respectfully requests that the Court dismiss the Debtors' bankruptcy cases.

Respectfully submitted,

/s/ Nathan A. Carney
NATHAN A. CARNEY
Trial Attorney
FBN: 0487491
ncarney@carneylawfirm.com
CARNEY LAW FIRM, P.A.
400 N. Ashley Drive
Suite 2600
Tampa, FL  33602
Tel: (813) 712-8776
Fax: (813) 712-8780
Attorney for JY Creative Holdings, LLC

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on **September 3, 2014**, I caused a true and correct copy of the foregoing to be furnished electronically through the Court's CM/ECF or by U.S. Mail to the following:

W. Keith Fendrick, Esq.
Noel R. Boeke, Esq.
Holland & Knight, LLP
100 North Tampa St., Suite 4100
Tampa, FL 33602
Attorneys for Regions Bank

Jay B. Verona, Esq.
Hugo S. deBeaubien, Esq.
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Blvd., Suite 2800
Tampa, FL 33602
Attorneys for Debtor

United States Trustee
Nicole Peair
Benjamin E. Lambers
Timberlake Annex
501 E. Polk Street, Suite 1200
Tampa, FL 33602

CRS Holding of America, LLC
8108 Krauss Blvd.
Suite 110
Tampa, FL  33619

John Lucian, Lucian@blankrome.com
Ken Mather, kmather@gunster.com
Deborah Basil, dbasil@teamweston.com
Brian Oblow, Brian.oblow@gray-robinson.com
Jeffrey Kucera, Jeffrey.kucera@klgates.com
Leon Koutsouftikis, lkouts@magruderpc.com

                                              /s/ Nathan A. Carney
                                              Attorney